UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTUMN HULL, as Personal
Representative of the Estate of
JACQUELYN K. DANIELS, deceased,        File No: 1:17-cv-00340-PLM

      Plaintiff,        Hon. Paul L. Maloney

v

EMMET COUNTY d/b/a EMMET COUNTY
SHERIFF'S OFFICE, Jail Division,
BRENDA K. FORD, SHERIFF PETER WALLIN,
SGT. JOSEPHINE BERGER, KAREN PARENT, R.N.,
and QUICK CARE FAMILY MEDICAL CENTER, P.C.,
a Michigan Corporation,

      Defendants.

---

| | |
|---|---|
| JEFFREY A. DANZIG (P36571) | HAIDER A. KAZIM (P66146) |
| VEN R. JOHNSON (P39219) | **Cummings, McClorey, Davis, Acho** |
| **JOHNSON LAW, PLC** | Attorney for P. Wallin, B. Ford, |
| Attorneys for Plaintiff | Emmet County and Josephine Berger |
| 535 Griswold Street, Ste. 2632 | 400 W. Front Street, Ste. 200 |
| Detroit, MI 48226 | Traverse City, MI 49684 |
| (313) 324-8300 F: (313) 324-8301 | (231) 922-1888 F: (231) 922-9888 |
| jdanzig@venjohnsonlaw.com | hkazim@cmda-law.com |

ALAN R. SULLIVAN (P41613)
DOUGLAS C. SMITH (P30271)
**Smith Martin Powers & Knier, PC**
Attorney for Karen Parent & Quick Care
900 Washington Ave, P.O. Box 219
Bay City, MI 48707
(989) 892-3924 F: (989) 892-3926
asullivan@smpklaw.com
dsmith@smpklaw.com

---

## JOINT STATUS REPORT FOR RULE 16 SCHEDULING CONFERENCE

      A Rule 16 Scheduling Conference is scheduled for August 2, 2017 at 10:30 a.m. before Honorable Ray Kent by telephone.

Appearing for the parties as counsel will be:

Jeffrey A. Danzig (P36571)
Ven R. Johnson (P39219)
for Plaintiff's Estate.

Alan R. Sullivan (P41613)
Douglas C. Smith (P30271)
for Defendants Karen Parent, LPN and Quick Care Family Medical Center, P.C.

Haider A. Kazim (P66146)
for Defendants Emmet County, Emmet County Sheriff's Office, Brenda Ford, Peter Wallin, Sergeant Josephine Berger.

1. **JURISDICTION:** The basis for the Court's jurisdiction is 42 U.S.C.§ 1983 as well as supplemental jurisdiction under 28 U.S.C. § 1367.

2. **JURY OR NON-JURY:** This case is to be tried before a jury.

3. **JUDICIAL AVAILABILITY:** The parties do not agree to have a U.S. Magistrate Judge conduct any and all further proceedings in this case, including Trial and to order the entry of final judgment.

4. **STATEMENT OF THE CASE:**

    Plaintiff's Statement of Case:

    This case involves a 53 year old woman, incarcerated in the Emmet County Jail, who developed overt symptoms associated with appendicitis, was refusing food and nourishment and who received no medical attention over the course of four (4) days, resulting in perforation, fulminant sepsis, peri-appendiceal abscess and gangrenous appendix. By the time she was sent out for medical attention, it was too late to alter her downward spiral and after three (3) exploratory laparotomies, her overwhelming sepsis led to multisystem organ failure and death on 11/05/16.

    Plaintiff claims §1983 Deliberate Indifference to Plaintiff Decedents medical needs while incarcerated, medical malpractice, gross negligence, battery and the intentional infliction of emotional distress.

    Statement of Case by Defendant Emmet County, Sheriff Peter Wallin, Brenda K. Ford, and Sergeant Josephine Berger:

    This lawsuit arises from the incarceration of Plaintiff's Decedent, Jacquelyn Daniels, at the Emmet County Jail, who subsequently passed away at McLaren Northern Michigan Hospital on 11/05/16. Plaintiff, Autumn Hull in her capacity as the Personal Representative of the Estate of Jacquelyn Daniels, has alleged a §1983 claim based upon

the 8th Amendment Prohibition Against Cruel and Unusual Punishment, as well as State Law claims of gross negligence, battery and intentional infliction of emotional distress. Plaintiff's claims are based upon alleged deliberate indifference to the medical needs of Plaintiff Decedent during her incarceration at the jail from 10/25/16 until 11/01/16.

Plaintiff has alleged that beginning on Saturday, 10/29/16, Ms. Daniels began complaining of severe abdominal pain and constipation and that her condition continued to worsen on Sunday, 10/30/16, Monday, 10/31/16, and Tuesday, 11/01/16 and that these Defendants failed to provid her with medical care and treatment. With respect to Sergeant Berger, Plaintiff alleged that she authored a medical progress note wherein she noted Ms. Daniels description of her medical condition, she did not perform any medical evaluation or assessment, failed to palpate Ms. Daniels abdomen and failed to contact jail medical or nursing staff. With regards to these Defendants, Plaintiff alleges that they ignored Ms. Daniels alleged repeated request for help and her alleged symptoms of unrelenting right sided lower abdominal pain, constipation, nausea, vomiting, diarrhea and lack of appetite.

These Defendants deny that Ms. Daniels ever requested any medical assistance, treatment or care while she was incarcerated at the jail from 10/25/16 until 11/01/16. These Defendants deny that they refused, ignored, or disregarded any requests from Ms. Daniels to see the jail nurse or for medical treatment. These Defendants deny that they ever observed Ms. Daniels exhibit the symptoms alleged in Plaintiff's Complaint while she was incarcerated at the jail. These Defendants deny that any other inmate at the jail ever informed them of Ms. Daniels' condition and/or symptoms or even requested medical assistance on her behalf. These Defendants deny that they violated any of Ms. Daniels' constitutional rights and deny all allegations of gross negligence, battery and/or intentional infliction of emotional distress.

<u>Statement of Case by Defendant Karen Parent, L.P. N. and Quick Care Family Medical Center, P.C.:</u>

On October 25, 2016, Plaintiff's decedent, Jacquelyn Daniels, was incarcerated at the Emmet County Jail on a drug-related offense. Karen Parent, L.P.N., an employee of Quick Care Family Medical Center, P.C., provides medical services at the jail. Inmate Daniels was evaluated by Nurse Parent on October 31, 2016 for complaints of abdominal cramping and decreased eating. The assessment was constipation, abdominal pain, and opiate withdrawal. Nurse Parent provided magnesium citrate and re-evaluated the inmate later that day at approximately 1:00 p.m. Inmate Daniels was having watery diarrhea and tenderness in the bilateral upper quadrants of the abdomen. A positive Murphy's sign was noted. Nurse Parent's assessment was possible gallbladder attack. Inmate Daniels was placed on clear liquids. She would be evaluated by Dr. Lo the next morning. If Inmate Daniels' pain got worse, she could go to the emergency room that night. Nurse Parent saw the patient the next morning, November 1, 2016, at approximately 8:13 a.m. Inmate Daniels was having severe abdominal pain and was sent to Quick Care Family Medical Center, P.C. for evaluation by Dr. Lo, who examined Inmate Daniels and sent her to McLaren Northern Michigan for a CT scan. She was later admitted for further care.

Defendants Karen Parent, L.P.N. and Quick Care Family Medical Center, P.C. deny any violation of Inmate Jacquelyn Daniels' constitutional rights and deny that they were deliberately indifferent to Inmate Daniels' medical needs. These Defendants assert that Inmate Daniels was timely evaluated. A reasonable assessment of Inmate Daniels' condition was made, and an appropriate plan to address her complaints was initiated. These Defendants timely followed up with the inmate and reassessed Ms. Daniels. The plan included follow up with the physician the next morning, or the emergency room sooner, if needed. These Defendants further assert that Nurse Parent saw Inmate Daniels the next morning and arranged for the transfer of the patient to see Dr. Lo for further evaluation. The care provided does not demonstrate deliberate indifference to Inmate Daniels' medical needs. Further, these Defendants deny any gross negligence, battery, and/or intentional infliction of emotional distress.

5. **PROSPECTS OF SETTLEMENT:** All parties agree that there is the potential for settlement, but that more realistic prospects cannot be determined until meaningful discovery takes place.

6. **PENDENT STATE CLAIMS:** This case does include Pendent State Claims alleging gross negligence, battery, intentional infliction of emotional distress, and medical malpractice. Plaintiff filed a Notice of Intent on 3/07/17 with respect to the medical malpractice claim. The 182 day notice waiting period just recently expired. Plaintiff now seeks approval for the filing of an Amended Complaint to include Pendent Sate Claims for medical malpractice (see additional information at #16).

7. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:** Plaintiff intends to identify additional correctional officers and/or supervisory jail personnel who may have been complicit in the alleged deliberate indifference to Plaintiff Decedent's medical needs. Such individuals can only be identified through discovery, as they are not readily identifiable within the jail records. Plaintiff expects to file all motions for joinder of such parties to this action and to file all motions to amend the pleadings, by a date to be set by the Court either upon stipulation of the parties or by leave of the Court.

   In addition, the caption and pleadings needs to be amended to properly reflect that Defendant Karen Parent is an LPN and not an RN.

8. **DISCLOSURES AND EXCHANGES:**

   a) The parties propose the following schedule for Rule 26(a)(1) disclosures:

   Plaintiff's Rule 26(a)(1) Disclosures by:     **9/19/17**
   Defendant's Rule 26(a)(1) Disclosures by:    **10/02/17**

   b) Plaintiffs will furnish names of Plaintiff's expert witnesses by: **12/1/17**
   Defendants will furnish names of Defendant's expert witnesses by: **12/15/17**

4

c) It would be advisable in this case to partially exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports should be exchanged according to the following schedule:

Plaintiff will furnish any law enforcement written expert witness reports by: **1/15/18**
County Defendants only will furnish any law enforcement written expert witness reports by: **1/31/18**

d) The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendants by:     **9/19/18**
The following documents are requested to be produced:

County Defendants request the following documents to be produced by Plaintiff:

- All medical records of Plaintiff's Decedent from Quick Care Family Medical Center and McLaren Northern Michigan Hospital;
- Full name, current address, and current telephone number of all co-inmates of Plaintiff's Decedent during the period of her incarceration at Emmet County Jail from 10/25/16 to 11/01/16, who claim to have requested medical care and assistance on behalf of Plaintiff's Decedent;
- All video, audio, and/or written statements obtained by Plaintiff of co-inmates of Plaintiff's Decedent during the period of her incarceration at Emmet County Jail from 10/25/16 to 11/01/16, who claim to have requested medical care and assistance on behalf of Plaintiff's Decedent;
- Letter of Authority Appointing Autumn Hull as the Personal Representative of the Estate of Jacqueline Daniels.

From Defendants to Plaintiff by:     **10/02/18**
The following documents are requested to be produced by these Defendants:

- Any and all video/audio of Plaintiff Decedent from 10/25/16 to 11/02/16.
- Any written agreements between Defendant County/Jail and Defendant Quick Care for the provision of jail medical services;
- Defendant Karen Parent's CV;
- Defendant Karen Parent's job description for jail medical services;
- Defendant Sergeant Berger's job description;
- Defendant County/Jail's job description for correctional officers;
- Defendant County/Jail identification of any and all correctional staff on duty in cell block Medium C from 10/29/16 to 11/02/16;
- Full names and job titles of corrections employees "Gulley", "Blumkey", and "Hannah".
-Defendant County/Jail policies and procedures for inmates, including but not limited to:

5

- Cell checks;
- Medical care;
- Inmate medical emergencies;
- Inmate's refusing food/nourishment;
- Corrections officers notifying medical personnel of inmate's medical needs;

9. **DISCOVERY:** The parties believe that all discovery proceedings can be completed by: **2/28/18**

10. **DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:** The parties have discussed the production of electronically stored information and would agree to mutual disclosure, if any.

11. **ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION:** The parties have discussed claims of privilege or work product immunity for items inadvertently produced during discovery and would agree to mutual nondisclosure and immediate return of such items, upon awareness or notice.

12. **MOTIONS:** The following dispositive motions are contemplated by each of the parties:

    Plaintiff anticipates no dispositive motions;
    Defendants anticipate motions for S/J following the close of discovery.

13. **ALTERNATIVE DISPUTE RESOLUTION:** In order to make alternative dispute resolution most effective, the parties would agree the following discovery is necessary:

    - Answers to Interrogatories;
    - Answers to Requests to Produce;
    - Answers to Requests to Admit;
    - Depositions of parties, witnesses, and experts.

    Preferred time frame for conducting alternative dispute resolution would be following completion of discovery.

    The parties recommend that this case be submitted to the following method of alternative dispute resolution: **Facilitation**

14. **LENGTH OF TRIAL:** Counsel estimate the Trial will last approximately 11-12 days total, allocated as follows:

    5-6 days for Plaintiff's case;
    6 days for Defendants' case combined

15. **ELECTRONIC DOCUMENT FILING SYSTEM:** The parties acknowledge their obligations to file and serve all documents electronically by means of the Court's CM/ECF System.

16. **OTHER:** When Plaintiff filed its Notice of Intent, we were unaware of Defendant Karen Parent's employment at Defendant Quick Care and Defendant Quick Care's relationship to the Emmet County Jail. We intend to name both Defendant Karen Parent and Defendant Quick Care in our Amended Complaint alleging medical malpractice. Plaintiff requests Defendant Quick Care waive the notice requirement as to Defendant Quick Care only, for the purpose of expediting the medical malpractice claim, as opposed to the filing of an Amended Notice of Intent which will delay these proceedings.

Approved as to form and content by:

*/s/Jeffrey A. Danzig*
**Jeffrey A. Danzig (P36571)**
Attorney for Plaintiff

*/s/Alan R. Sullivan*
**Alan R. Sullivan (P41613)**
Attorney for Defendants Karen Parent & Quick Care

*/s/ Haider A. Kazim*
**Haider A. Kazim (P66146)**
For Defendants Emmet County,
Sheriff's Office, Brenda Ford,
Peter Wallin, Sgt. Berger

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTUMN HULL, as Personal
Representative of the Estate of
JACQUELYN K. DANIELS, deceased,                    File No: 1:17-cv-00340-PLM

        Plaintiff,                                Hon. Paul L. Maloney
v

EMMET COUNTY d/b/a EMMET COUNTY
SHERIFF'S OFFICE, Jail Division,
BRENDA K. FORD, SHERIFF PETER WALLIN,
SGT. JOSEPHINE BERGER, KAREN PARENT, R.N.,
and QUICK CARE FAMILY MEDICAL CENTER, P.C.,
a Michigan Corporation,

        Defendants.

| | |
|---|---|
| JEFFREY A. DANZIG (P36571) | HAIDER A. KAZIM (P66146) |
| VEN R. JOHNSON (P39219) | **Cummings, McClorey, Davis, Acho** |
| **JOHNSON LAW, PLC** | Attorney for P. Wallin, B. Ford, |
| Attorneys for Plaintiff | Emmet County and Josephine Berger |
| 535 Griswold Street, Ste. 2632 | 400 W. Front Street, Ste. 200 |
| Detroit, MI 48226 | Traverse City, MI 49684 |
| (313) 324-8300 F: (313) 324-8301 | (231) 922-1888 F: (231) 922-9888 |
| jdanzig@venjohnsonlaw.com | hkazim@cmda-law.com |

ALAN R. SULLIVAN (P41613)
**Smith Martin Powers & Knier, PC**
900 Washington Ave, P.O. Box 219
Bay City, MI 48707
(989) 892-3924 F: (989) 892-3926
asullivan@smpklaw.com
dsmith@smpklaw.com

## PROOF OF SERVICE

      I hereby certify that on July 28, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

                                                  **/s/Jeffrey A. Danzig**
                                                  Jeffrey A. Danzig (P36571)